■ ANTHONY RELLA, Respondent-Appellant, v LEO GRECO, Respondent, HARVEY PECK et al., Appellants-Respondents, et al., Defendants. [737 NYS2d 869] —In an action, inter alia, to recover damages for unjust enrichment and breach of fiduciary duty, the defendants Harvey Peck, Harry Boltin, Lewis M. Bobroff, M.R.I. Diagnostics of Rockland, Inc., and M.R.I. Diagnostics of Orange, Inc., appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Rockland County (Meehan, J.), dated July 7, 2000, which, among other things, granted those branches of the plaintiff's motion which

were to amend the complaint to include a ninth cause of action to recover damages for breach of fiduciary duty, and denied those branches of their cross motion which were for summary judgment on the eighth and eleventh affirmative defenses and the second counterclaim, and, upon searching the record, granted summary judgment to the plaintiff dismissing their eighth, tenth, and eleventh affirmative defenses and certain counterclaims, and the plaintiff cross-appeals from so much of the same order as granted those branches of the motion of the defendant Leo Greco which were for summary judgment dismissing the second, third, and fifth causes of action insofar as asserted against him and granted that branch of the cross motion of the defendants Harvey Peck, Harry Boltin, Lewis M. Bobroff, and M.R.I. Diagnostics of Rockland, Inc., which was for summary judgment dismissing the fourth cause of action insofar as asserted against them.

Ordered that the order is affirmed, without costs or disbursements.

Leave to amend a pleading shall be freely given, and was properly granted here (*see,* CPLR 3025 [b]).

Summary judgment was properly granted dismissing the fourth cause of action alleging that the defendant Leo Greco implemented an illegal method of payment to M.R.I. Diagnostics of Rockland, Inc. (hereinafter MRI Rockland). Since it was established that the agreement with MRI Rockland terminated by its terms in 1997, the question of whether the agreement was illegal as initially drafted in 1987, or whether an illegal method of payment pursuant to the agreement was implemented in 1993, is academic. Further, the Supreme Court, in a prior order dated November 17, 1999, determined that the plaintiff Anthony Rella cannot contest the amount of the fees collected, because he never raised the issue in his capacity as president of MRI Rockland. Accordingly, summary judgment dismissing the fourth cause of action was properly granted.

The parties' remaining contentions are without merit. Goldstein, J.P., Friedmann, McGinity and H. Miller, JJ., concur.